IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

    Plaintiff,

  -vs-                                                    CRIMINAL No. 00-0557 LH

JAMES EARL MERIDYTH,

    Defendant.


**MEMORANDUM OPINION**

      **THIS MATTER** is before the Court on Defendant's letter (ECF No. 548), filed December 5, 2014, which the Court has construed as a pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Counsel for Defendant was appointed on September 10, 2015. Having considered Defendant's Motion, the parties' Stipulated Agreement in Petition for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) Regarding Drug Quantity Table (ECF No. 563), filed December 21, 2015, the record in this case, and the relevant law, and otherwise being fully advised, the Court finds that Defendant's Motion is well taken in part and it will be granted in part.

      On January 25, 2001, a jury found Defendant guilty of conspiracy to possess with intent to distribute more than 50 grams of cocaine base (Count I), possession with intent to distribute more than 50 grams of cocaine base (Count V), and possession with intent to distribute less than 500 grams of a mixture containing cocaine (Count VI). At the sentencing hearing on March 13, 2003, the Court found that Defendant's total offense level was 38 and his criminal history category V,

resulting in a guideline imprisonment range of 360 months to life for the cocaine base convictions in Counts I and V.  Given the statutory maximum sentence of 20 years for Count VI, the guideline imprisonment range for the cocaine charge was 240 months.  The Court sentenced Defendant to 360 months for each of the crack cocaine convictions and 240 months for the cocaine conviction, with the sentences to be served concurrently.

On December 10, 2013, the Court granted in part Defendant's Motion to Reduce Sentence (ECF No 478), deemed filed on July 28, 2011.  Applying the retroactive amendments to the crack cocaine sentencing guidelines, Defendant's total offense level became 34, resulting in a guideline imprisonment range of 235 to 293 months for Counts I and V and a range of 235 to 240 months for Count VI.  After thorough consideration of the record, including Defendant's criminal history and characteristics and his behavior in prison, along with the need for any sentence to promote respect for the law, provide adequate deterrence, and protect the public from further crimes of the Defendant, the Court found that a full reduction in Defendant's sentence was not appropriate and reduced his sentence to 300 months.  *See* Memorandum Opinion (ECF No. 534) and Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 533), both filed December 10, 2013; *aff'd United States v. Meridyth*, 573 F. App'x 791 (10th Cir. 2014).

Defendant now moves for a reduction in his sentence pursuant to Amendment 782 to the Sentencing Guidelines.  The parties agree, and the Court concurs, that he is eligible for a sentence reduction under this retroactive guideline amendment to U.S.S.G. § 2D.1.1.  Applying Amendment 782, Defendant's total offense level is reduced to 32, resulting in a guideline imprisonment range of 188 to 235 months.  Defendant asks that the Court impose an amended sentence of 188 months.

Stipulated Agreement at 3.  The government takes the position that it will not oppose any sentence within the Court's discretion.  *Id.*

While recognizing that the Bureau of Prisons has not reported any further misconduct by Defendant since March 2012, the Court again finds that a full reduction in Defendant's sentence is not appropriate.  For the reasons stated fully in its Memorandum Opinion of December 10, 2013, the Court finds that a partial reduction of Defendant's sentence is appropriate and by a contemporaneously entered Order, his sentence will be reduced to 250 months imprisonment.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**